

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DERICK JOSE AGUILAR GONZALEZ,<br><br>                                    Petitioner,<br><br>v.<br><br>OMDC SENIOR WARDEN; ACTING<br>DIRECTOR SD OFFICE; DHS,<br><br>                                    Respondents. | Case No.:  26cv2923 DMS (SBC)<br><br>**ORDER DENYING PETITION** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition, and Petitioner, with the assistance of counsel, filed a Supplemental Brief.  For the following reasons, the Petition is denied without prejudice.

Petitioner is a native and citizen of Venezuela.  (Return, Ex. 1.)  On September 18, 2022, he was arrested while trying to enter the United States unlawfully.  (*Id.*)  On December 13, 2022, Petitioner was issued a Notice to Appear before an immigration judge and thereby placed in removal proceedings.  (*Id.*)  He was released from immigration custody that same day.  (*Id.*)

On November 9, 2023, an immigration judge terminated Petitioner's removal proceedings. (*Id.*) On May 20, 2024, United States Citizenship and Immigration Services issued a work permit to Petitioner, which was valid through April 2, 2025. (*Id.*)

On June 26, 2025, Petitioner was arrested for violating California Penal Code § 594 (vandalism) and § 148(A)(1) obstructing a police officer. (*Id.*) On September 23, 2025, Petitioner was arrested by officers of Immigration and Customs Enforcement. (*Id.*) He has been in immigration detention since that date, and is currently detained at Otay Mesa Detention Center.

Since being re-detained, an immigration judge has ordered Petitioner removed to Ecuador under that country's Asylum Cooperative Agreement ("ACA") with the United States. (Return, Ex. 3.) Petitioner attempted to appeal that ruling to the Board of Immigration Appeals, but his appeal was determined to be untimely and therefore dismissed. In light of that decision, Petitioner's removal order became final on March 16, 2026.

On May 8, 2026, Petitioner filed the present case alleging his detention had become prolonged. Respondents properly interpreted the Petition to allege a violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001), and argued that claim will not be ripe until September 16, 2026, given the removal order became final on March 16, 2026. In his Traverse, Petitioner asserts there is no significant likelihood he will be removed to Ecuador in the reasonably foreseeable future, therefore he should be released.

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days" (referred to as the "removal period"). 28 U.S.C. § 1231(a)(1)(A). An alien must be detained during the 90-day removal period. 28 U.S.C. § 1231(a)(2). After the removal period, an alien not yet removed may continue to be detained or released under supervision; however, detention beyond the removal period is limited to what is reasonably necessary to bring about the alien's removal. 28 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 689. Section 1231 contains an implicit time limitation of six months, after which post-removal detention is no longer presumptively

reasonable. *Zadvydas*, 533 U.S. at 690, 701. The petitioner has the initial burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which, the Government must respond with evidence sufficient to rebut this showing. *Id.* at 701. If removal is not reasonably foreseeable, the petitioner's detention is no longer authorized by statute. *Id.* at 699–700. "In that case, . . . the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances." *Id.* at 700.

Here, Petitioner has been detained for nearly four months since his removal order became final. There is, therefore, a presumption that Petitioner's detention is reasonable. To overcome that presumption, Petitioner bears the burden of showing his detention is unreasonable.

In an effort to meet that burden, Petitioner cites an article indicating Ecuador may receive 300 refugees under ACA with the United States. (Pet.'s Supp. Br. at 4 n.2.) He then goes on to state more than 8,675 individuals have had their asylum applications pretermitted and been ordered removed to Ecuador. (*Id.* at 4 n.3.) Applying these numbers, Petitioner states only 3.4% of people ordered removed to Ecuador will actually be removed there. As a result, Petitioner argues there is no significant likelihood he will be removed to Ecuador in the reasonably foreseeable future, thus he must be released.

At this point, where Petitioner's detention has not yet crossed the six-month presumptively reasonable mark, Petitioner's numbers, standing alone and assuming they are correct, do not demonstrate there is no significant likelihood Petitioner will be removed

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

26cv2923 DMS (SBC)

to Ecuador in the reasonably foreseeable future.  Accordingly, the Petition for Writ of Habeas Corpus is denied without prejudice.  The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated:  July 14, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

26cv2923 DMS (SBC)